[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
With the consent of all counsel, the court decides the plaintiff's motion to disqualify the defendant's counsel and the defendant's motion to sever.
In his original seven count complaint, the plaintiff alleges in the first three counts that the defendant misused funds of Top Janitorial, Inc., a corporation in which the plaintiff is a shareholder. In the fourth through seventh counts, the plaintiff alleges that the defendant misused the plaintiff's funds in establishing a different corporation, Jack's Janitorial, Inc. These alleged transactions arise out of wholly separate facts and circumstances occurring at separate times. They are obviously not "connected with the same subject of action" within the meaning of Practice Book 133(7) and 134 and should not be joined in the same complaint. The defendant, however, has misperceived his remedy. Although the rules of practice do not specifically refer to a motion "to sever," the concept of such a motion might be found in Practice Book 133, which permits the court to separate different causes of action for trial. However, that provision relates to causes of action which properly appear in the same complaint but which "cannot all be conveniently heard together." In the present case, there is a misjoinder of different causes of action which cannot coexist in the same complaint. For that, the remedy is by means of a motion to strike. Practice Book 152(4). The difference is more than academic. The granting of a motion to strike invites the losing party to file a new pleading in order to cure the defect. In the context of this case, it would permit the plaintiff either to allege facts which might link the misjoined causes of action or to elect which cause of CT Page 3806 action should remain in the original complaint and which should form the basis of a new complaint. The defendant's motion to sever is, accordingly, denied.
The plaintiff's motion to disqualify Attorney Arthur M. Lewis from representing the defendant is based on the plaintiff's claims (1) that Attorney Lewis represented the plaintiff as an incorporator of Jack's Janitorial, Inc., and (2) that Attorney Lewis is likely to be a material witness as to the defendant's misuse of funds belonging to Top Janitorial Service, Inc. With respect to the conflict of interest claim under Rule 1.9 of the Rules of Professional Conduct, there was not sufficient evidence for this court to find that Attorney Lewis ever represented the plaintiff. With respect to the plaintiff's contention that Attorney Lewis will be a material witness at trial, the test is set forth in Rule 3. 7. That rule comes with many exceptions. Furthermore, it is simply too early in these proceedings to conclude that it is likely that Attorney Lewis will be called to testify. In particular, the plaintiff claims that the use of corporate funds to pay a legal fee to Attorney Lewis's law firm was wrongful. However, there was no evidence that the payment was for work done by Attorney Lewis as opposed to someone else in his firm. In that regard, see Rule 3.7(b). The plaintiff's motion to disqualify Attorney Lewis is denied, without prejudice, however, to his right to renew the motion as circumstances may indicate in the future.
Maloney, J.